and for the appellant is Mr. Phelps, you may proceed. Thank you and good morning. Yes, my name is Nathan Phelps, and I'm hearing on behalf of Mr. Mennon. In this case, the court needs to grapple with the consequences of the Haman decision. What does that mean for the supervised release penalty in 3583 K. The reason that's before the court is Mr. Mennon has received a 10-year sentence, supervised release sentence under that provision. He's received that sentence in 2014 before the Supreme Court decided the Haman decision. He sought post-conviction relief afterwards. And now, admittedly, for his petition for post-conviction relief to be timely, the Haman decision must be a substantive decision. The district court below, it disagreed. It believed that it was procedural. It believed that because it just applied the Elaine and Prendi trial rights to the 3583 K, that it was procedural and therefore Mr. Mennon's petition was untimely. But as we argue, that is not the case. If you dig into how 3583 K works, it cannot be used as a supervised release provision without coming in conflict with the statutory framework and everything else that Congress has set up around it. Most pointedly, as the government acknowledges, the rule provisions direct the judge, not a jury, specifically to decide whether a supervised release violation has occurred. That includes a violation under 3583 K. So as is, the rules must be changed to allow a jury to come in. Beyond that. You know, here, what's happening functionally is we've gone from a, you know, a judge finding to a jury finding. And, you know, everything else about the scheme, more or less, stays the same. You know, why isn't, you know, that does not seem particularly disruptive of what Congress was trying to do with the statutory provisions, you know, really designed to increase sentences rather than anything else. But that just seems like, you know, just because we've changed to the fact finder is, that doesn't seem to completely, you know, mess up the congressional approach here. I believe it. I believe it does for, for more reasons just for the fact finder, the, the Haman decision didn't intend to create some sort of Frankenstein provision that is half crime half supervised release punishment. I don't think we have any such thing in our jurisprudence where, you know, in this case, you know, this, this looks like a crime so we have to treat it like a crime by allowing a jury to hear it, and to imply the reasonable doubt standard. And then to ignore all the other trial rights that go along with having a crime, or having a crime decided. I mean, it'd be as a result of Haman. What, what, what conduct became criminal or punishable that wasn't criminal or punishable before, or became not punishable now but which was punishable before what conduct by the defendant. The, the punishment that is imposed under 3583 K. It's the argument that, you know, he would he could still, or could have faced a punishment certainly under other statutes, but additionally, couldn't he still face those punishments if now it's done by a jury. Not under 3583 K without disrupting the scheme and without rule changes that would allow a jury actually hear it. I mean, the way I read that it simply means that, yes, that it would be a number of interlocking procedures that have to be changed to result in the the change that moment might require, but, but rather than Haman may might require, but I'm just having trouble deciding whether there is some actual conduct that has been criminalized or decriminalized as a result of this, as opposed to a kind of a complete scrambling of some of the procedures used to determine punishment. My argument would be that the additional punishment that is available under 3583 K enough, removing that out of the equation, makes it substantive. Before, before Haman's he, you know, and without a deal with the government, he would have faced potentially the 3583 K punishment. And additionally, a punishment for the substantive offense if the government chose to prosecute him after Haman's because, because the, because the jury right cannot be applied and makes that provision void. He essentially faces much less punishment than he would before. Why, why could the jury right not be accomplished. I mean, why couldn't an order that that he does now have to have a jury and that to the extent that the procedures didn't give him a jury that has to be changed. Why couldn't that be done. For a number of reasons, the, the primary one is, as I said already, is that the the rules of federal procedure federal criminal procedure direct the judge to be the fact finder, it's explicit on that point. So as is the, you know, you can't, you can't put in the jury and have a jury decide the supervised release question without violated provision of the rules. But beyond that, if it's treated as a crime, it frustrates much of what Congress try to do in this area, as I as I pointed out, it would essentially make 3583 K, a greater offense that includes all those fences that are listed in there as sub offenses or lesser included offenses, but without, you know, providing all the the extra restitution, the extra punishment that's provided under those statutes I mean under under 3583 K, you face a five year minimum. And if, but if you commit a kidnapping which is one of the predicate offenses under 3583 K. You faced, I believe 20 or 25 years, if you kidnap a minor. So, you know, in some sense, yes, it is advantageous for defendants to get a received punishment under this provision if it's to avoid those other punishments. The trouble is they face both there is not an either or. Well, there's no doubt that 3583 K provides more punishments more severe punishments. Now, but the, but Haman didn't address severity of punishments they did. Haman didn't say that's the problem with 3583 K Haman said problem is they didn't get a jury and a judge, I mean a jury and and and beyond reasonable doubt standard. So, isn't that the problem that has to get fixed and if it can get fixed. Then I guess on remand we say, fix it. If it can't get fixed I guess, then we say you can't impose the additional punishment. They, I believe they focused on the last two sentences, which includes both limits. The increases that limit are of what punishment can be imposed normally it but for 3583 K. Mr. Mement would have faced punishment under 3583 E where he would have faced at most two years punishment 35, because the judge found that he committed a crime under 3583 K instead faced a minimum of five and a maximum of life. Now that's that's quite the change. Now of course in Haman, the focus was on the minimum but that was for specific reason the judge, the judge in the Haman case that I wanted, I want to impose a more like a two or three year sentence not the five year that I have to, but I my hands are tied. And that's why that's, that was the focus both by both the plurality and the justice briars concurrence, but the. I don't know how you can say that Elaine applies to 3583 K. When Elaine's where Elaine comes from a trendy and a trendy is offended by the same provision. This is a this is a so it makes my head spin but you're doing your best thing. I don't I it is. It is a web. Thank you. Oh, I understand this is this is this is exactly the problem that the the Supreme Court left for this to court decide the remedies were were not raised in this court in the Haman case. And so when the government suggested that the jury could be impaneled and fix the problem the Supreme Court said no no we're going to send it back to this court to figure out whether that would work. Unfortunately, on your point of view. Can I ask you about that when the judge clearly remanded it to the 10th circuit to figure out in Haman. Do we have the authority to decide whether Haman is to be applied retroactive or not or does that have to be decided by the Supreme Court. I believe in this case that the discord has the authority to because they've they've laid out that what came that these, these rules apply you're just putting them into effect and looking at the remedy what that means for these provisions. But that's not a I apologize the government didn't raise that point so I'm not prepared to speak at length about that. Yeah. No courts found it retroactive yet. No, no, but that's true but also because they haven't dealt with what does it mean to impanel a jury I'm not sure if a jury has ever been impaneled to resolve this yet and when that happens then you know the question will become what will happen, what consequences stem from that. And as our, as my briefing shows, I believe the consequences frustrate what Congress was trying to do was add a separate supervised release penalty, but if you treat it as a crime that frustrates what Congress was trying to do. Are there any other questions. I will reserve my time. Thank you counsel. Let's hear from Miss Williams for the government. Good morning and may please the court Jennifer Williams for the United States. I'll start by addressing the last question the panel asked, we do believe the court has the authority to decide whether the Haman decision should apply retroactively, but we do not believe that it needs to reach the question of a remedy. In this case the impaneling of a jury at all. In order to decide whether the Haman decision is retroactive to cases on collateral review, and I'll briefly explain why. Mr memos 2255 is only timely if Haman announced a substantive decision that would be retroactive on collateral review. And as this court has already found and it's unpublished decision and Salazar payment announced a procedural rule, because it did not change the range of conduct for the class of persons punished under 3583 K. And we're not aware of any court that is in fact held that Haman announced the substantive decision. Every court that is considered the issue that we're aware of has held as this court did that it announced a procedural rule. And that is in fact the correct holding. So what do you say about the Supreme Court opinion to Welch. Doesn't that make it fairly clear that this is substantive. No, in fact, we think that Welch supports our position that it's procedural Welch discussed whether the decision and Johnson was procedural or substantive and Johnson at the Supreme Court held in Welch that Johnson announced the substantive role, but that's because Johnson addressed the, the armed career criminal act. And what it did was to make certain conduct that had been criminal before no longer criminal. Isn't that what happened. Well, in fact, the Supreme Court specifically says that it's substantive. If it quote narrows the scope of a criminal statute, end quote, but Welch also talked about procedural rules, and it explained that a procedural rule is one that changes it allocates decision making authority between a judge and a jury. And so cases like Apprendi and Alene. And then this and then the decision in ring, which was addressed in this later Supreme Court decision in Shiro. Those are procedural rules because what they say is not that certain conduct is no longer criminal, but that the operative facts have to be decided by a jury instead of a judge. And that is exactly what the Supreme Court did in Haman. It simply said didn't apply. Haman. Priority talked about a lane quite a bit. Briar's opinion is the opinion of the court, isn't it? It is. Yes. And Briar's opinion focused on judge found facts. And he specifically said he was not flying. What he said is that he would not transfer wholesale the Alene line into the supervised release context because, of course, 3583 K is not the only provision for supervised release. There's also 3583 E, which is the main supervised release provision. And what Justice Breyer said was he wanted to make it clear that he did not think the Apprendi line of cases applied wholesale to all supervised release revocation proceedings. He thought the problem with 3583 K in particular was that there was a mandatory minimum that was that had to be applied based on findings made by the judge. And that was the problem he identified. The problem he identified was exactly the problem discussed by the Supreme Court in Welch, which is the allocation of decision making authority between a judge and a jury. That is, as the Supreme Court explained in Welch and as it explained. In rain, which again discussed aggravating factors under Arizona law for imposition of the death penalty. Where the problem is the procedure used. Facts found by a judge where they should be found by a jury that announces a procedural rule and a procedural rule is not retroactive on collateral review. And in fact, the court in Welch explained why that's so it talked about the balance between the need for finality and criminal cases. And the countervailing imperative to ensure that criminal punishment is imposed only when authorized by law and Welch discussed. How the need for finality takes precedence when the rule announced is procedural and it explained that. The chance of a more accurate outcome under the new procedure normally does not justify the cost of vacating a conviction. Whose only flaws that it's procedures conform to then existing constitutional standards. And again, that is directly applicable to the rule announced in Haman. It's not that Haman made certain conduct no longer criminal. It simply said that if you're going to apply these enhanced penalties that the facts need to be it's constitutionally insufficient for them to be found by the judge. And they need to be found by a jury. That was the holding in Haman and that is a procedural holding. And so our position is that in deciding the question of retroactivity and the procedural versus substantive distinction. The court doesn't reach the question of the actual remedy and whether What Impaneling a jury and whether impaneling a jury is consistent with congressional intent, because in fact, the Supreme Court in its decisions. Announcing procedural rules has never considered the question of a remedy. It has looked to the function of a rule as the Supreme Court discussed in Welch and Shiro. And it's determined whether the function of the rule makes a procedural or substantive. As far as I'm aware, it has not gone the extra step. And as Mr. Mamet suggests this court should look at the practical impact of that rule in deciding whether the rule is procedural or substantive. So what do you think should happen here because we really can't ignore the practical impact. So, and the Supreme Court has said okay tensor. Did you guys figure it out first and then we'll reverse it. So what is the What, what do you think we should say happens and who does it for me. This case presents a different question. Our argument is that this case only because it arises on collateral review. What the court should do in this case is what it did already in Salazar, which is fine that the rule announced is procedural and not substantive. And so the 2255 is untimely Our position is that this is not the case for the court to decide the question left open and Haman, which is the question of remedy that question would be properly presented in a case on direct appeal. And in fact, there appears to be a case on direct appeal. That is currently pending before this court that I found it's fully briefed argument hasn't yet been set, but that What is the name of that case. So that case is United States versus Shakespeare and it's case number 218010 And that case arises on a direct appeal because the district court. revoked supervised release under 3583 K and Mr. Shakespeare also pled guilty to two new criminal charges based on the same conduct. And so on appeal. He raises the claims that Mr. Mehmet raises we believe improperly in this case about The jury remedy and questions of double jeopardy and all those issues that might arise, but our position in this case is that because it arises on collateral review. Those questions aren't this court can dispose of this case, very simply, again, based on what it said in Salazar, which is Haman announced a procedure or prototypical procedural rule. If we disagree on that, though, don't we have to answer the remedy question. In this case, if the court thinks that it needs to look at the remedy to decide whether the rule is procedural or substantive Then yes, the court would look at the remedy and I can address. I can address the question of remedy. But again, I would just emphasize that the Supreme Court in deciding whether its rules are procedural or substantive has never looked at the question of remedy and in fact The ring. The ring was the decision which held that Arizona that the aggravating factors for the death penalty had to be found by a jury and ensure the Supreme Court discussed ring. And concluded that announced a procedural decision and the Supreme Court did not look at the question of remedy in deciding whether ring was procedural or substantive It looked at the function of the Arizona statute. And it talked about the allocation of decision making authority and because what ring said is that these facts have to be found by a jury instead of a judge. It announced a procedural rule and in fact Mr. Mehmet's position would allow defendants to attend to transform procedural rules into substantive rules. Impermissibly, in our opinion, by looking at the question of remedy in a way the Supreme Court has never suggested is appropriate, but going to specifically to your question just to give it. Yes. If, if the court disagrees, then it would look to the question of remedy and We believe that as we discussed in our Supreme Court briefing, but the Supreme Court didn't address it. And as we addressed in our brief in this court that in paneling a jury is consistent with congressional attempt In enacting 3583 K in the first instance. So we would simply remand for this issue to be determined by a jury vacate the other determination and remand for jury and make no other rulings about the language and 3583 would not address the enhanced penalties available under 3583 with those stand without challenge. Well, the part of 3583 K that the Supreme Court held was unconstitutional was the judge found facts, but this court would first need to conclude that Heyman announced a substantive role to make the 2255 Timely. And I suppose it would do that by Well, There are a number of steps that the court would have to go through to arrive at a remand for A jury to decide the operative facts. Would we have to would we have to say that there's a whole lot of other rules that are implicated and that needs to be briefed. Would we have for the briefing. Would we or would we just ignore the other rules. What would we do Well, so, so we're assuming that the court decides We'd have to remember what his position is that 22 that his 2255 is timely. And then, hey, and that 3583 K is void. And so I would 3583 be void. You think that we would that the necessary consequences that we avoid the whole rule. Well, that's his position. That's Mr. Mehmet's position. I know our position is that even if the court reaches the question of The of the juror of having a jury and panel to address these facts that that is a permissible remedy. And so it's not void. Right. Go ahead. I guess that's sufficient for me. Thank you. I mean, in that case, though, so that gets to the latter half of the arguments we make in the brief if if the court reaches the issue and it determines that 3583 K is not void because it is possible to have a jury and that having a jury would fix the constitutional problem identified in Haman. Then the court addresses. Mr. Mehmet's as applied challenge, which is the decision and Haman As applied to him made his sentence unconstitutional. And that's our argument that no justice in Haman suggested, unlike the defendant in Haman. Mr. Mehmet here admitted the operative facts. So he didn't challenge the facts that led to the imposition of the 3583 K sentence. Is it does that constitute it doesn't, I guess, constitute direct waiver, but Does that move this need for a hearing completely because of his admission. I mean, how does that I don't quite understand how that plays into the issues before us. The government says, well, he's admitted to what you're worrying about how how the fact will be found or not by a jury or judge You're worried about you don't need either one of them to find that because we've got an admission of that. How does that all play in here. Well, it plays in. Again, our primary argument is that the court doesn't reach the issue because the rule is procedural and so his 2255 is untimely. And so the court never addresses that issue. Right. But let's say we say is that that gets over the procedural Then there are two issues for the court to look at. One is whether 3583 K is void. And of course, if it's void. It doesn't apply to anybody. Or just part of the rule. I see my time is Yeah, well, it's, it's the, it's the part of the rule that applies the enhanced penalties based on Judge found facts so If the court determined That there was just no way that that having a jury was completely inconsistent with congressional intent and there was no remedy and 3583 K was void. Then, even though he admitted the operative facts, it wouldn't apply to Mr. Mehmet. But so our claim is twofold. One, it's not void because there can be a jury. And then, and as applied challenge as applied to Mr. Mehmet And so that's the answer to your question. I'm sorry, judge about that is the answer to your question. It does not need to go back for jury finding for a jury in his case. Because he admitted the operative facts and no justice in Haman would have suggested that there was a constitutional problem. Where the defendant admitted to the facts. So the problem identified in Haman was the defendant did not admit to the facts and the judge found them. That problem doesn't exist here because he admitted to the facts. So, assuming as we argue that 3583 K is not void is 2255 is sorry. Well, was his admission comprehensive complete enough to satisfy that requirement of 3583 or was it was it too narrow. Well, there's no suggestion in Haman Haman was concerned again with judge found facts. And in fact, the plurality, the plurality clearly said that it's discussion. It doesn't constitute the holding, but the plurality would not have applied. The requirement of a jury in a case where the defendant admitted the facts and I believe the concurrence as well suggests that and the Supreme Court has never found that there's a problem. In all of these cases a friend alien all these cases that address this issue. The, the constitutional problem doesn't arise where the defendant admits to the operative facts. Thank you. I see, I dragged you beyond your time. Appreciate your answer. Thank you. Thank you, counsel. We appreciate the extended argument. That was helpful. Let's hear. Mr. Phelps has some rebuttal. Yes, I'll begin with the issue of his admissions and it kind of ties in with everything else. I filed a 28 J raising the Supreme Court's decision in class and class makes clear that you can still challenge the power of the government to punish you. Even if you, even if you admit to the facts that that go to that, the crime that they're charging you with in class, he was challenging due process notice and the Second Amendment, whether the gun restriction at the Capitol was valid under the Second Amendment. And, and the, you know, a large majority of the Supreme Court said, yes, he admitted to all those facts. But if the government can't call him in and punish him, it doesn't matter that his admissions, nothing about his challenge refutes his admissions. And that's, that's Mr. Mehmet's argument here. It's not an as-applied challenge. It's that with 3583K, Congress tried to accomplish something that it could not in the framework that it placed it. I mean, if you look at, by comparison, 18 U.S.C. 2260A, I believe I have that citation right, it's, it's, it largely overlaps. If a person on, that's required to register commits a certain number of crimes listed there, they face a 10-year additional punishment beyond whatever else is out there. But Congress tried to do that sort of same thing in, in the, in the supervised release context. And because it increases the punishment, because it offends a lane, an apprendee, it just doesn't work. And so it's not as applied. The provisions themselves just cannot, cannot work without, without, you know, basically putting this court in the role of the legislature and rewriting how these, how these provisions work. You think we're less a legislature by striking 3583 than if we were simply to, to say we're going to strike only the offending parts of 3583? If, if, if there was an option, that would be the preferred option. But as my, as my briefing lays out, it just doesn't work. You, you'd also have to strike the innocuous provision that the judge must find these facts, and then you have to deal with would Congress really have intended to create a, an offense, a criminal offense that, that, that would include as lesser included crimes that have greater punishment. But that's, that's all in the briefing. One final word is just that Welch asked, said, look at the function of what the rule, what the rule accomplishes, not what the, what the constitutional guarantee that is involved. And I make this point in the briefing but in Davis that that's exactly what the, what the government tried to do is say it was, it could be reinterpreted be procedural, and they failed and so the Supreme Court struck it down. Thank you. Thank you, counsel, we appreciate the argument bringing some light to the darkness here. You were excused and the case is submitted.